I reluctantly concur with the majority's conclusion that because child abuse under § 26-15-3, Ala. Code 1975, is not a crime encompassed within Title 13A, the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, cannot be applied to enhance Kennedy's conviction. I believe, however, that the legislature, in enacting § 13A-5-9, Ala. Code 1975, intended to subject "repeat felony offenders" — regardless of the offense — to increasingly harsher sentences based on their multiple convictions. Unfortunately, as currently written, a person convicted of child abuse under § 26-15-3 would not be subject to the sentence-enhancement provisions found in § 13A-5-9 — even if that person has multiple prior felony convictions — and is therefore exempt from facing increasingly harsher penalties as a recidivist child abuser. Moreover, a person with no felony convictions under Title 13A, but with multiple convictions for child abuse pursuant to § 26-15-3, would not be subject to the sentence-enhancement provisions for recidivists provided in § 13A-5-9.
Presently, a defendant convicted under Title 13A of assaulting a child would be subject to having his or her sentence enhanced under § 13A-5-9, but a defendant convicted of child abuse pursuant to § 26-15-3 — the statute specifically enacted for the protection of children — would face no such sentence enhancement. Certainly, the legislature did not intend such an illogical result. I, therefore, strongly urge the legislature to amend §13A-5-9 so as to broaden its scope beyond Title 13A or to transfer the provisions of Chapter 15 of Title 26 to the Alabama Criminal Code in order to prevent inequities such as this from occurring in the future.
BASCHAB, J., joins. *Page 992